UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO GRAPHIC ARTS HEALTH & WELFARE PLAN, a multiemployer plan, by ROBERT MILLER and JAMES E. MADDEN, in their capacity as Trustees, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 07 C 436 |
| ROLANDO CASTANEDA, SR., individually and as "Next Friend" to Rolando Castaneda, Jr., and ROLANDO CASTANEDA, JR., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion for summary judgment of Plaintiff Chicago Graphic Arts Health & Welfare Plan ("the Plan"). For the reasons set forth below, the motion is granted.

## BACKGROUND

The following factual recitation is derived from admissions in the Defendants' answer and from the Plan's statement of material facts, filed according to Local Rule 56.1. Because Defendants Rolando Castaneda, Sr. ("Rolando Sr.") and Rolando

Castaneda, Jr. ("Rolando Jr.") have not responded to any of the assertions within the statement of facts, they are deemed admitted by operation of Local Rule 56.1(a).

In late July 2003, Rolando Jr. sustained injuries requiring medical treatment. Rolando Sr. was a participant in the Plan at that time. As a dependent of Rolando Sr., Rolando Jr. was eligible to receive health and medical benefits under the Plan's terms, and a total of $8,379.48 was paid for his benefit.[1] Paragraph 9.4 of Amendment 27 to the Plan Rules and Regulations provides that the Plan will be subrogated to all rights of recovery of a dependent of a participant to the extent that the Plan makes any payments on behalf of that dependent. This applies to recovery by settlement.

The Castanedas sued the parties responsible for causing the injuries in state court. The Plan was not a party to that case. On February 13, 2004, the Plan notified the Castanedas that it asserted a lien on any benefits paid to them in connection with Rolando Jr.'s accident. The case settled for $137,500; the settlement appears to have been paid to the Castanedas' attorney, though not until April 23, 2007. Despite requests for repayment or subrogation, the Castanedas have not reimbursed the Plan for any amounts dispensed on Rolando Jr.'s behalf. However, they have placed the contested amount in an escrow account pending a decision in this case.

---

[1] Although the documentation provided in support of the Plan's motion states that the amount paid was $968.80, Defendants admit in their answer that the Plan paid $8,379.48 on Rolando Jr.'s behalf. Defs. Ans. ¶ 7.

The parties appeared on May 17, 2007, and informed the court that both intended to file motions for summary judgment. The Castanedas have filed neither an affirmative motion nor a response brief to the Plan's motion.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. *Id.* The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id.* The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

With these principles in mind, we turn to the Plan's motion.

## DISCUSSION

The Plan is a self-funded employee welfare benefit plan as defined in 29 U.S.C. § 1002(1). Section 502(a)(3) of the Employee Retirement Income Security Act ("ERISA") provides that a fiduciary[2] of an employee welfare benefit plan may bring a civil action to obtain appropriate equitable relief to enforce plan terms. 29 U.S.C. § 1132(a)(3)(B)(ii). The trustees of the Plan have sued to enforce the terms of the plan. As described above, those terms provide that the Plan obtains a right to subrogation when payments are made on behalf of a participant's dependent. To enforce that right, an equitable lien attaches to any unpaid recovery amounts, and a constructive trust is imposed on recovery amounts that are paid.

It is undisputed that Rolando Jr. was a dependent of a participant and that the Plan paid $8,379.48 in benefits on his behalf. The terms of the plan are also not

---

[2]A plan fiduciary is primarily defined as any person who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,...renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or...has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002.

disputed. No payment has been made. In light of these facts, we conclude that the right of subrogation has attached and summary judgment is appropriate in favor of the Plan. Thus, the Plan is entitled to the equitable remedies set forth in the terms of the plan. To the extent that settlement proceeds have been paid, a constructive trust is placed on them up to and including $8,379.48 for the benefit of the Plan. To the extent that any amounts paid are less than that amount, an equitable lien attaches on future payments in the amount required to fulfill the full $8,379.48.

## CONCLUSION

The Plan's motion for summary judgment is granted. A constructive trust for the benefit of the Plan is placed on any settlement proceeds paid from Defendants' state court case up to and including $8,379.48. To the extent that any amounts already paid to Defendants are less than that amount, an equitable lien attaches on future payments in the amount required to fulfill the full $8,379.48.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:  August 16, 2007